UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CR-41-TLS |
| | ) | |
| MICHAEL SMITH | ) | |

**ORDER**

On June 17, 2017, several Fort Wayne Police Department officers responded to two 911 calls, both identifying a black male, potentially armed, threatening individuals in the same area. This led to the arrest and search of Defendant Michael Smith, who was found with two loaded Smith and Wesson 40 caliber magazines. Upon searching the nearby area for the matching gun, officers found a Smith and Wesson 40 caliber pistol and a holster. On July 26, 2017, a grand jury indicted the Defendant, charging him with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) [ECF No. 1]. On August 4, 2017, the Defendant pled not guilty [ECF No. 12]. On September 18, 2017, the Defendant filed a Motion to Suppress [ECF No. 20], and the Government filed a Response [DE 21]. On September 21, 2017, the Court referred [ECF No. 22] the instant Motion to Magistrate Judge Susan Collins to review the Defendant's Motion and the Government's Response, and order any necessary hearings or additional briefing. On October 17, 2017, the Magistrate Judge held an evidentiary hearing [ECF No. 24] and received post-hearing briefing. Subsequently, Judge Collins issued a Report and Recommendation [ECF No. 32], recommending that the Court deny the Defendant's pending Motion

Pursuant to the Federal Magistrate's Act, Title 28 U.S.C. § 636(b)(1)(A)–(C), the Magistrate Judge does not have authority to issue a final order on this pending Motion to Suppress. Instead, the Magistrate Judge submits proposed findings of fact and recommendations

to a district court. *See United States v. Sabo*, No. 1:10-CR-21, 2010 WL 4628242, at *1 (N.D. Ind. Nov. 8, 2010). If a party files a timely objection to the Magistrate Judge's report and recommendation, § 636(b)(1) provides that a district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, and/or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The judge also may receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The time for filing objections to the Report and Recommendation has passed, and no objections have been filed. Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

At the evidentiary hearing, Fort Wayne Police Department Officer Tom Vachon, Officer David Wilkins, and Detective Marc DeShaies testified. The Magistrate Judge found both that the Defendant did not meaningfully contest the officers' testimony and that the officers' testimony was credible. Neither party has objected to this assessment or to the Magistrate Judge's characterization of the testimony. Accordingly, the Court adopts the Magistrate Judge's findings of fact regarding the events of June 17, 2017, as well the events regarding the Defendant's phone call on July 26, 2017. Finding no clear error, the Court adopts, in full, the Magistrate Judge's detailed analysis of the law that is applicable to 911 emergency calls by witnesses, and the conclusion that the callers' identifying information, the sufficiency of detail contained in the calls, and a caller's request for immediate dispatch in the face of an ongoing emergency, gave the officers the necessary reasonable suspicion to stop the Defendant. The Court also adopts the Magistrate Judge's conclusions that the officers did not *de facto* arrest the Defendant and violate his Fourth Amendment rights, and that it was appropriate to tase the Defendant, because (1)

under the circumstances, the officers could not ask the Defendant questions typical of an investigatory stop; (2) the officers acted reasonably when raising their weapons at the Defendant after he refused to comply with the officers' commands; (3) the Defendant failed to comply with the officers' instructions; and (4) the officers could see the outline of a pistol grip in the Defendant's left front pant pocket. Moreover, the Court adopts the Magistrate Judge's conclusion that the pat down of the Defendant did not violate his Fourth Amendment rights because the officers had reasonable suspicion to believe that the Defendant was armed and that the Defendant's apparent state of intoxication provided probable cause to arrest him. Finally, the Court adopts the Magistrate Judge's analysis of the law applicable to the fruit of an unlawful search and seizure doctrine, and the Magistrate Judge's conclusion that because the pistol was not discovered as a result of a search of the Defendant's person, the Defendant has failed to show any grounds for suppressing evidence of the recovered pistol.

Therefore, the Court adopts the recommendation to deny the Motion to Suppress on grounds that the officers did not violate the Defendant's Fourth Amendment rights, either during the investigatory stop or the resulting protective pat-down, as both were conducted within the parameters of *Terry v. Ohio*, 392 U.S. 1 (1968).

## CONCLUSION

As detailed above, the Court ADOPTS the Report and Recommendation [ECF No. 32], and DENIES the Motion to Suppress [ECF No. 20] for the reasons set forth by the Magistrate Judge.

SO ORDERED on April 3, 2018.

                                                      s/ Theresa L. Springmann
                                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                                      UNITED STATES DISTRICT COURT